Fletchee, J.
The principle of law involved in the first ruling has recently been very fully considered by this court, so that an extended examination of it is not necessary in this case. In Kellogg v. Smith, 7 Cush. 375, 382, it was held to be a settled rule of law that, “ when, in a deed or grant, a line is described as running a particular course, from a given point, and this line is afterwards run out and located and marked upon the earth by the parties in interest, and is afterwards recognized and acted on as the true line, the line thus actually marked out and acted on is conclusive and must be adhered to, though it may be subsequently ascertained that it varies *333 from the course given in the deed or grant. The line thus actually marked out on the earth’s surface controls the course put down on the paper. The instrument of conveyance is not understood as requiring that the line to be run shall necessarily be absolutely and precisely according to the course described, which would probably be quite impracticable, but that the line shall be fairly run, in a skilful and proper manner, and that the actual, practical result adopted and acted on shall be conclusive upon the parties in interest.” The decision in the above case fully sustains the first ruling in the present case.
The ancient record was properly left to the jury, with other facts and circumstances, from which they might infer that the present line dividing said towns as indicated by the monuments was the line actually run and marked out by Col. Thaxter in pursuance of the act of the legislature of December 3d, 1720.
The other ruling of the court was surely sufficiently favorable to the plaintiff. It might, perhaps, be difficult to maintain the entire accuracy of the ruling in regard to the right of a party to elect where he would be assessed, in the general and unqualified terms in which it is stated, but if there be any error it is in favor of the plaintiffs, and is one to which they cannot except. Exceptions overruled.